**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio Boyd WILLIAMS, Defendant–Appellant.**

No. 98–4578.

United States Court of Appeals, Fourth Circuit.

Argued June 11, 1999.

Decided Aug. 5, 1999.

**ARGUED:** Eric David Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

Before WILKINS and HAMILTON, Circuit Judges, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Judge WILKINS wrote the opinion, in which Judge HAMILTON and Judge JACKSON joined.

## OPINION

WILKINS, Circuit Judge:

Antonio Boyd Williams appeals the 327–month sentence of imprisonment he received following his plea of guilty to being a felon in possession of a firearm. *See* 18 U.S.C.A. § 922(g)(1) (West Supp.1999). Williams contends that the district court erred in sentencing him in accordance with the provisions of the Armed Career Criminal Act (ACCA), *see* 18 U.S.C.A. § 924(e) (West Supp.1999), and *U.S. Sentencing Guidelines Manual* § 4B1.4 (1995) because he did not have the three necessary predicate offenses. We hold that the district court properly concluded that Williams had the three prior convictions required for treatment as an armed career criminal and accordingly affirm.

### I.

On October 18, 1997, when Williams was arrested for the offense underlying his conviction here, he previously had been convicted of four offenses. The first was for possession with the intent to deliver cocaine, arising out of a May 24, 1995 arrest on numerous drug charges. Williams' remaining prior convictions arose from his conduct on November 25, 1995; they were one count of assault with a firearm on a government officer and two counts of assault with a deadly weapon with the intent to kill. This appeal turns on the facts surrounding these latter convictions, and accordingly, we set them out in some detail.

On November 25, 1995 at 11:35 a.m., Williams failed to stop at a traffic checkpoint on Angier Avenue in Durham, North Carolina conducted by the North Carolina State Highway Patrol. Trooper Gibson pursued Williams' vehicle until it crashed an estimated quarter-mile away. Williams attempted to escape on foot, and Trooper Gibson gave chase. As Williams fled, he fired one shot over his shoulder at Trooper Gibson and then ran down an embankment, hid behind a bush briefly, and continued around a house. As Trooper Gibson pursued, he found that Williams had assumed an offensive position: Williams had propped his firearm on a barricade and was pointing it in the direction of Trooper Gibson. Williams fired twice at the trooper and fled again. At this point, Trooper Gibson broke off all contact with Williams and returned to his patrol vehicle to seek assistance.

Officer Eugene Kavanaugh of the Durham Police Department was one of the officers who responded to Trooper Gibson's request for backup. Approximately 10 minutes after arriving on the scene and talking with Trooper Gibson, Officer Kavanaugh was approached by a citizen who informed him that Williams had boarded a Durham Area Transit Authority bus traveling westbound on Angier Avenue. Officer Kavanaugh pursued the bus and stopped it about three blocks away. Williams leapt from the bus and fled again on foot. Officer Kavanaugh; another Durham Police Department officer, Officer Irving; and a police canine named Bern chased Williams through a parking lot, over a fence, and into a large backyard. When Bern approached Williams, Williams fired at the dog and then pointed his firearm at Officers Kavanaugh and Irving. Bern bit Williams, who fired twice again at the dog and then ran down an embankment. Subsequently, Williams was apprehended in a nearby culvert. These events led Williams to plead guilty to one count of assault with a firearm on a government officer (as a result of firing on Trooper Gibson) and two counts of assault with a deadly weapon with intent to kill (as a result of pointing his weapon at Officers Kavanaugh and Irving). Based on these facts, the district court concluded that Williams was an armed career criminal and sentenced him to 327 months imprisonment.

### II.

The ACCA provides that a defendant convicted of a weapons offense under

§ 922(g) shall receive a minimum 15–year sentence if the defendant "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1).* The question presented here is whether two of Williams' convictions arising out of the events of November 25, 1995 were "committed on occasions different from one another." *Id.* We decide this issue de novo. *See United States v. Letterlough,* 63 F.3d 332, 334 (4th Cir.1995).

"Convictions occur on occasions different from one another 'if each of the prior convictions arose out of a "*separate and distinct criminal* episode."'" *Id.* at 335 (quoting *United States v. Hudspeth,* 42 F.3d 1015, 1019 (7th Cir.1994) (en banc)). In determining whether convictions arose out of separate and distinct criminal episodes, we consider such factors as whether the offenses (1) occurred in different geographic locations; (2) were of a substantively different nature; (3) and involved multiple criminal objectives or victims. *See id.* at 335–36. We may apply these factors independently or in conjunction, recognizing that "if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." *Id.* at 336.

Williams maintains that we should consider his convictions arising out of the November 25 incidents as having occurred on one occasion. He points to the fact that the nature of the offenses was the same—the assaults were all against police officers attempting to apprehend him. Further, he argues that the assaults should be considered as having been committed on one occasion because they were all committed to achieve the same criminal objective—to escape apprehension and prosecution. While this may be true, it is undisputed that the offenses were separated in time by at least 10–15 minutes and occurred at least three blocks apart. The fact that the events occurred within a short period of time does not dictate a result that the offenses occurred on one occasion. *See United States v. Hobbs,* 136 F.3d 384, 390 (4th Cir.) (noting that " '[c]ases interpreting the ACCA clearly uphold the minimum fifteen-year sentence enhancement for criminals who commit separate crimes against different individuals while on a spree, within a short period of time, provided that the perpetrator had the opportunity to cease and desist from his criminal actions at any time' " (alteration in original) (quoting *Hudspeth,* 42 F.3d at 1020)), *cert. denied,* ——— U.S. ———, 118 S.Ct. 2358, 141 L.Ed.2d 727 (1998); *Letterlough,* 63 F.3d at 336–37 (same). The interval between Williams' contact with Trooper Gibson and his subsequent confrontation with Officers Kavanaugh and Irving, part of which Williams spent riding by himself on a bus, provided him with the opportunity to reflect and desist. *See Hobbs,* 136 F.3d at 390. Furthermore, there were different victims, Trooper Gibson on the one hand and Officers Kavanaugh and Irving on the other. "[T]he fact that there were multiple victims decisively tips the scales in favor of concluding that each [assault] was a 'separate and distinct criminal episode.' " *Id.* at 389.

### III.

In sum, we conclude that two of Williams' November 25, 1995 convictions constituted two complete and discrete criminal transactions and, therefore, were

---

* Section 924(e)(1) provides in full:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

two separate and distinct episodes. Accordingly, because Williams' three convictions were committed "on occasions different from one another," his sentence was properly enhanced.

*AFFIRMED.*