**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                    No. 00-4274

CHARLES SESLEY,
       *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-341)

Submitted: October 31, 2000

Decided: December 8, 2000

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Charles Sesley pled guilty to bank robbery and was sentenced as a career offender to a term of 154 months imprisonment under *U.S. Sentencing Guidelines Manual* § 4B1.1 (1998). Sesley appeals his sentence, contending that the district court erred in finding that all three of his prior convictions and sentences for armed robbery were not related cases, *see* USSG § 4A1.2(a)(2), comment. (n.3), and in sentencing him as a career offender. We agree. We therefore vacate the sentence and remand for resentencing.

On December 23, 1980, Sesley and O'Dell Boyd robbed a Howard Johnson's using a .38 caliber pistol.* On December 30, 1980, Sesley and Boyd robbed a Travel Lodge with a .38 pistol. Sesley and Boyd committed a third robbery on December 31, 1980. All the robberies took place in Greensboro, North Carolina. Sesley and Boyd were chased by police and arrested after the third robbery. Sesley then confessed to the first two robberies. The probation officer treated the first and third robberies as related cases because they were consolidated for judgment in the state court. Sesley argued that the second robbery should be treated as related to the other two.

At the sentencing hearing, Sesley testified that the second and third robberies were committed on the same night, and that he and Boyd decided to commit the third robbery thirty or forty minutes after the second robbery because they were dissatisfied with the $20 they got in the second robbery. Under cross-examination, Sesley stated that he did not pay attention to the time, but he insisted that both robberies took place within three hours. The government stipulated that the pro-

---

*The presentence report states that the pistol was used. However, Sesley testified at sentencing that the only weapon present during this robbery was a knife he carried.

bation officer had reviewed sealed North Carolina Department of Corrections records that showed that, in his intake interview, Sesley stated that the second and third robberies occurred about an hour apart.

The district court found that the second and third robberies were not committed on the same occasion because Sesley and Boyd "robbed different places of business with different victims at different locations." The court also was unable to find that the second and third robberies were part of a common scheme or plan. The court found:

> [B]ecause they did not get enough money in the first robbery on the 30th, they go to another one, another intent is formed and another decision is made and another victim and location are selected. It appears to me to be exactly two felonies of the type that the guidelines and the career criminal statute and guideline are intended to address and that an appropriate guideline is the one found in the presentence report.

When the facts concerning prior convictions and sentences are undisputed, the determination that the prior offenses are related cases under § 4A1.2(a)(2) is a legal issue. *United States v. Allen*, 50 F.3d 294, 296 (4th Cir. 1995). Here, the district court's decision involved an interpretation of the guidelines and we review it de novo.

To be sentenced as a career offender, a defendant must be at least eighteen, the instant offense must be a crime of violence or serious drug offense, and the defendant must have at least two prior felony convictions of either a crime of violence or a serious drug offense. *See* USSG § 4B1.1. The sentences for the two prior felonies must be counted separately under USSG § 4A1.1. *See* USSG § 4B1.2(c). Sentences for prior offenses that were not separated by an intervening arrest are considered "related cases" and counted as one sentence, *see* USSG § 4A1.2(a)(2), if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. *See* USSG § 4A1.2, comment. (n.3).

Sesley argues that the second and third robberies were related under either (A) ("occurred on the same occasion"), or (B) ("were part

of a single common scheme or plan"). First, he contends that the third robbery was "simply a continuation of the second robbery" in that it was committed because of dissatisfaction with the amount of money obtained in the second robbery. Sesley offers no authority for his position. The Eleventh Circuit has held that a robbery and attempted robbery that occurred within ninety minutes did not occur on a single occasion because they were temporally distinct and involved different victims. *United States v. Jones*, 899 F.2d 1097, 1101 (11th Cir. 1990). This court has considered the same issue in deciding whether prior offenses occurred "on occasions different from one another," under 18 U.S.C.A. § 924(e) (West 2000). *See United States v. Williams*, 187 F.3d 429, 431 (4th Cir. 1999). In *Williams*, we held that "[t]he fact that events occurred within a short period of time does not dictate a result that the offenses occurred on one occasion," as long as the defendant had enough time between the two offenses to "reflect and desist" from committing the second offense. *Id.* (citing *United States v. Hobbs*, 136 F.3d 384, 390 (4th Cir. 1998)). Here, Sesley had ample opportunity to consider whether he wished to commit another robbery. Therefore, the district court did not err in finding that the second and third robberies did not occur on the same occasion.

Next, Sesley argues that both robberies were part of a single common scheme or plan because they "satisfy almost all of the factors cited by the Fourth Circuit in *Breckenridge*." The factors identified as relevant to a determination of whether offenses are part of a single common scheme or plan are:

> [W]hether the crimes were committed within a short period of time, in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar *modus operandi*, were animated by the same motive, and were tried and sentenced separately only because of an accident of geography.

*Breckenridge*, 93 F.3d at 138. Sesley contends that the district court erred in refusing to find a common scheme or plan because: the second and third robberies occurred within a one-hour period; both robberies took place in Greensboro; both were solved in a single investigation; both shared a similar modus operandi; both were sub-

stantively the same crime; the motive for both robberies was the same; and both crimes were prosecuted in the same court.

We find that, under *Breckenridge*, the presence of these factors establishes a common scheme or plan. Therefore, we are constrained to vacate the sentence and remand for resentencing. On remand, Sesley's second robbery should be treated as related to the other two prior armed robberies, and all three robberies should be treated as one offense for criminal history purposes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*