UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4613

MICHAEL CLEOPHUS WITHERS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-403)

Submitted: January 17, 2002

Decided: January 30, 2002

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Michael Cleophus Withers pleaded guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000). Withers was found to be an armed career criminal, 18 U.S.C.A. § 924(e)(1) (West 2000), and he was sentenced to 180 months in prison. Withers now appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he claims that Withers was improperly sentenced as an armed career criminal but states that there are no meritorious issues for review. Withers was advised of his right to file a pro se supplemental brief. He filed a pro se motion for appointment of counsel, identifying three issues that he wishes to raise. The motion is construed as a pro se supplemental brief. We affirm.

Both Withers' counsel and Withers in his pro se brief claim that he was improperly sentenced as an armed career criminal. A defendant convicted of violating § 922(g)(1) who has three previous convictions for serious drug offenses or violent felonies committed on occasions different from one another is subject to a minimum prison term of fifteen years. 18 U.S.C. § 924(e)(1). Here, it is undisputed that Withers had five previous North Carolina convictions for breaking and entering, in violation of N.C. Gen. Stat. § 14-54 (1999). We previously have held that a conviction under § 14-54 constitutes a predicate violent felony for armed career criminal purposes. *United States v. Bowden*, 975 F.2d 1080, 1083-85 (4th Cir. 1992). The five offenses occurred on January 9, 1995, at 1720 Freeway Drive and 1724 Freeway Drive in Reidsville, North Carolina, and on January 11, 1995, at 408 Woodrow Street, 408-B Woodrow Street, and 215 Settle Street, also in Reidsville.

Withers argues on appeal, as he did at sentencing, that the five state crimes did not occur on occasions different from one another. We

review this legal issue de novo. *United States v. Williams*, 187 F.3d 429, 431 (4th Cir. 1999). We agree with the district court that Withers had at least three prior qualifying convictions (the January 9 offenses; the January 11 Woodrow Street offenses; and the January 11 Settle Street offense). *See id.* (listing factors that may be considered when deciding if previous felonies were separate offenses).

The remaining claims raised in the pro se brief have no merit. Because ineffective assistance of counsel does not conclusively appear on the face of the record, Withers must raise this claim, if at all, in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Further, authority to convene a grand jury existed.

In accordance with *Anders*, we have reviewed the entire record in this case and find no reversible error. We therefore affirm Withers' conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform Withers in writing of his right to petition the Supreme Court of the United States for further review. If Withers requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Withers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motion for appointment of counsel is denied. The claim that there was no jurisdiction to convene a grand jury is frivolous.

*AFFIRMED*