UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                        *Plaintiff-Appellee,*

v.                                                    No. 01-4459

ERNEST BAILEY,
                        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph Robert Goodwin, District Judge, sitting by designation.
(CR-00-152)

Submitted: January 30, 2002

Decided: February 21, 2002

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Roland Walker, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, A. David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ernest Bailey was convicted by a jury of one count of possession of a firearm after having been convicted of a crime punishable by imprisonment in excess of one year, in violation of 18 U.S.C.A. § 922(g) (West 2000). The district court determined that Bailey qualified as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000), and sentenced him to 210 months imprisonment. He appeals his conviction and sentence.

Bailey first asserts that the district court erred in denying his motion to suppress his post arrest statement. Bailey argues his statement was rendered involuntary because the detective induced Bailey to confess by offering money to Bailey. In reviewing the denial of a motion to suppress, this court "reviews the district court's factual findings for clear error, and its legal conclusions de novo." *United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 237 (4th Cir. 2001), *petition for cert. filed*, 70 U.S.L.W. 3373 (U.S. Oct. 26, 2001) (No. 01-722). In assessing whether a statement was voluntary, "[t]he existence of a threat or an implied promise does not automatically render a confession involuntary. The proper inquiry is whether the confession was 'extracted' *by* the threats or implied promises, 'however slight.'" *United States v. Braxton*, 112 F.3d 777, 783 (4th Cir. 1997) (emphasis in original). A confession is extracted by threats or promises when the defendant's will is overborne and his capacity for self-determination is critically impaired. *Id.* Our review of the record convinces us that the district court correctly concluded that, even if the detective informed Bailey of the existence of monetary rewards for information pertaining to armed robberies in the local area, that information was conveyed after Bailey admitted purchasing the firearm in question, and did not influence Bailey's decision to make this admission.

Bailey next argues that the district court erred in admitting evidence of a shooting incident that occurred several days prior to his arrest, because that evidence was not relevant, not necessary, and its probative value was outweighed by its prejudicial effect. We review a district court's determination of the admissibility of evidence under

Federal Rule of Evidence 404(b) for abuse of discretion. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *See United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *see Queen*, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. *Queen*, 132 F.3d at 994-95; *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial value. *Queen*, 132 F.3d at 997.

We have reviewed the evidence in question and conclude that the district court's decision to admit it was not arbitrary or irrational. The evidence was probative of Bailey's relationship with his girlfriend and his connection to her residence, where the firearm was found. Moreover, the evidence was necessary in light of Bailey's not guilty plea and the Government's burden to prove his possession of the firearm. Finally, the district court carefully limited the evidence to that necessary to demonstrate this connection.

Bailey also contends the district court erred in determining that his three previous convictions for robbery with a deadly weapon were separate convictions for purposes of sentencing him under the Armed Career Criminal Act. Bailey asserts his crimes were part of one criminal episode, directed at a single corporate entity. Review of a district court's application of a statutory sentencing enhancement is de novo. *United States v. Letterlough*, 63 F.3d 332, 334 (4th Cir. 1995). We have held that "convictions occur on occasions different from one another 'if each of the prior convictions arose out of a "*separate and distinct criminal episode*."'" *Id.* at 335 (quoting *United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir. 1994)); *see also United States v.*

*Hobbs*, 136 F.3d 384, 388-89 (4th Cir. 1998) ("It does not matter for sentencing purposes if the several crimes are part of a larger criminal venture, as long as each constitutes, by itself, a 'complete and final transaction.'").

In analyzing whether convictions are from separate and distinct criminal episodes, we consider, among other factors, whether the time interval between the crimes underlying the convictions allowed the accused sufficient time to "make a conscious and knowing decision to engage in another" crime. *Letterlough*, 63 F.3d at 337. In this case, the span of five days between Bailey's first two robberies, and almost nine months until the third crime, was more than adequate for Bailey to reconsider his conduct and decide whether to engage in further criminal activity. *See United States v. Williams*, 187 F.3d 429, 431 (4th Cir. 1999) (interval of ten to fifteen minutes between assaults sufficient for defendant to reflect and desist).

Moreover, the fact that Bailey pled guilty and was sentenced for all three robberies in the same proceedings does not mandate that the convictions be counted as only one conviction. *See United States v. Allen*, 50 F.3d 294, 298-99 (4th Cir. 1995) (requiring formal consolidation order for trial or sentencing for convictions to be considered related under USSG* § 4A1.2(a)(2)); *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992) ("Nothing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses."). We conclude that the district court did not err in finding that the three armed robbery convictions were separate for purposes of invoking § 924(e).

Bailey's final argument on appeal is that the evidence was insufficient to prove that he possessed the firearm. The elements of a violation of § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Bailey stipulated to a disqualifying prior conviction and does not contest the interstate

---

*\*U.S. Sentencing Guidelines Manual* (2000).

or foreign commerce element. He argues the evidence did not show he possessed the shotgun found in the bedroom closet of his girl-friend's residence.

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Our review of the evidence, including Bailey's admission that he purchased the firearm in question four or five months prior to his arrest, convinces us that substantial evidence supports the jury's verdict.

Accordingly, we affirm Bailey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*