UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 02-4675

FIANNE I. HARDING,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-416)

Submitted: May 15, 2003

Decided: May 27, 2003

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Douglas T. Simons, SIMONS & SLADE, Durham, North Carolina,
for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Fianne Harding pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). The district court imposed a sentence of 200 months based on Harding's status as an armed career criminal pursuant to 18 U.S.C. § 924(e) (2000). Harding's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising one issue, but asserting that, in his view, there are no meritious issues for appeal. Finding no reversible error, we affirm the conviction and sentence.

We review legal issues concerning sentences de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Similarly, the legal determinations attendant to the application of the Armed Career Criminal Act (ACCA) are reviewed de novo. *See* 18 U.S.C. § 924(e)(1) (2000); *United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001). Harding's sole issue on appeal is that he did not have the requisite number of prior "serious drug offenses" in his criminal history to be sentenced as an armed career criminal because his three prior state drug convictions were consolidated for sentencing. Thus, Harding asserts the three offenses only count as one conviction. This assertion is without merit.

We have repeatedly held that when prior crimes are committed on occasions different from one another but sentences are imposed in the same proceeding, the current sentence is properly enhanced under the ACCA for the separate crimes of conviction. *See United States v. Williams*, 187 F.3d 429, 431 (4th Cir. 1999); *United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998); *United States v. Letterlough*, 63 F.3d 332, 335-36 (4th Cir. 1995). "Convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." *United States v. Letterlough*, 63 F.3d at 335. In analyzing whether convictions are from separate

and distinct criminal episodes, we consider, among other factors, whether the time interval between the crimes underlying the convictions allowed the accused sufficient time to "make a conscious and knowing decision" to engage in subsequent criminal acts. *Id.* at 337.

In this case, Harding's offenses were committed on December 16, 1993, March 2, 1994, and June 23, 1994. The time lapse of several months between the three offenses was more than adequate for Harding to reconsider his conduct and decide whether to engage in further criminal activity. *United States v. Williams*, 187 F.3d 429, 431 (4th Cir. 1999) (interval of ten to fifteen minutes between assaults sufficient for defendant to reflect and desist). Therefore, we conclude the district court did not err in finding that the three state drug offenses were separate for purposes of invoking § 924(e).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm Harding's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*