**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4466**

─────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

  versus

JAMES THOMAS WALLACE,

           Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-03-918)

─────────

Submitted:  February 28, 2006   Decided:  March 17, 2006

─────────

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Milton M. Moore, Jr., Bennettsville, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Columbia, South Carolina; A. Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Thomas Wallace pled guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000), and was sentenced to imprisonment for 180 months. Finding no error, we affirm.

Wallace first contends on appeal that the district court erred in its application of the Armed Career Criminal Act ("ACCA") because the court considered convictions that were neither admitted to nor found by a jury beyond a reasonable doubt. When reviewing a district court's application of the sentencing guidelines, we review legal determinations de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). A district court may enhance a sentence based on the "fact of a prior conviction" regardless of whether or not it was admitted to by the defendant or found by a jury. United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005). Therefore, a district court may determine if a defendant has been convicted of the predicate offenses required by the ACCA so long as the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it." Id. at 283.

We have previously determined that the statutes underlying Wallace's convictions constitute "violent felonies" for ACCA purposes. See Thompson, 421 F.3d at 284-85; United States v. Pierce, 278 F.3d 282, 289 (4th Cir. 2002); United States v. Bowden,

975 F.2d 1080, 1081-1085 (4th Cir. 1992). Furthermore, the offenses occurred on different dates, in different geographical locations, and involved different criminal objectives and victims. See Thompson, 421 F.3d at 284-86; United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999). Therefore, we conclude the district court properly enhanced Wallace's sentence under the ACCA.

Wallace also contends that his sentence was unreasonable. After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, __ F.3d __, 2006 WL 267217, at *5 (4th Cir. Feb. 6, 2006) (No. 05-4270). Because the district court appropriately treated the guidelines as advisory, properly calculated and considered the guideline range, and weighed the relevant § 3553(a) factors, we find Wallace's sentence reasonable.

Accordingly, we affirm Wallace's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -