**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4660**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY LEE SNIPES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (CR-04-49-FL)

Submitted: April 24, 2006              Decided: May 9, 2006

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Billy Lee Snipes pled guilty pursuant to a plea agreement to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). The district court determined Snipes was an armed career criminal and sentenced him to 180 months' imprisonment. We affirm the conviction and sentence.

Snipes first contends that he received ineffective assistance of counsel. An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, this court has recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (citation omitted). Because the record does not conclusively establish that Snipes' defense counsel provided ineffective assistance, his claim is not cognizable on appeal.

Next, Snipes contends that the court's application of the Armed Career Criminal Act ("ACCA") violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and Shepard v. United States, 544 U.S. 13 (2005), because the predicate offenses were not listed in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. When reviewing the district court's application of the Sentencing Guidelines, this court reviews the findings of fact for

clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). A district court may enhance a sentence based on the "fact of a prior conviction" regardless of whether or not it was admitted to by the defendant or found by a jury. United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006). Therefore, a district court may determine if a defendant has been convicted of the predicate offenses required by the ACCA so long as the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it." Id. at 283. Snipes' prior convictions are offenses covered in the ACCA. 18 U.S.C. § 924(e)(2). Further, the offenses occurred on different dates, in different geographical locations, and involved different criminal objectives and victims. See Thompson, 421 F.3d at 284-86; United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999). Therefore, we conclude the district court properly enhanced Snipes' sentence under the ACCA.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly we affirm Snipes' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED