**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4783**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHY ORLANDO NICHOLS, a/k/a Ricky O. Nichols,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-424)

Submitted: March 7, 2007          Decided: April 6, 2007

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richy Orlando Nichols pled guilty pursuant to a plea agreement to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). The district court sentenced Nichols to 210 months' imprisonment. We find no error and affirm Nichols's conviction and sentence.

On appeal, counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal. Nichols filed a pro se supplemental brief in which he contends the district court erred in its determination that he satisfied the criteria for enhancement as a career offender. Additionally, Nichols contends his counsel provided ineffective assistance. The Government elected not to file a responsive brief.

Initially, Nichols contends the district court erred in its application of <u>U.S. Sentencing Guidelines Manual</u> (USSG) § 4B1.1 (2004). Nichols argues that he does not have the requisite number of qualifying offenses as his prior convictions were consolidated for sentencing purposes. When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). Because Nichols's offenses occurred on different dates, involved different crimes, were separated by an intervening

arrest, and charged separately, we conclude the district court appropriately characterized them as separate offenses for career offender purposes. See United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999).

Nichols also contends that his counsel provided ineffective assistance by failing to object to the court's application of USSG § 4B1.1. An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the record does not conclusively establish that counsel was ineffective for failing to object to an enhancement that was properly applied, Nichols's claim is not cognizable on appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Nichols's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED