**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4872**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN GREGORY RICHARDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:05-cr-00298-F)

Submitted:  August 15, 2007                Decided:  August 23, 2007

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Gregory Richardson appeals his 180 month sentence after pleading guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) (2000). Richardson was sentenced as an armed career criminal pursuant to 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2006), and United States Sentencing Guidelines Manual ("USSG") § 4B1.4 (2005). On appeal, Richardson argues that the district court erred in sentencing him as an armed career criminal. Finding no reversible error, we affirm.

A defendant with three prior convictions for violent felony offenses committed on separate occasions is subject to treatment as an armed career criminal. See 18 U.S.C. § 924(e)(1); USSG § 4B1.4. Though Richardson did not dispute in the district court the fact of his prior convictions or the sentences he received or object to the accuracy of the source material in the presentence report, he contends on appeal that he was improperly designated an armed career criminal because specific attributes of his prior convictions, specifically the dates they were committed and whether they were violent, remained unproven.

However, contrary to Richardson's argument, the district court was not required to make any factual findings concerning Richardson's prior record, and the district court could rely on "the conclusive significance" of his record, see Shepard v. United

- 2 -

States, 544 U.S. 13, 25 (2005), as set out in the presentence report. See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) (sentencing judge entitled to rely on undisputed information in presentence report that "bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from [defendant's] prior convictions"), cert. denied, 126 S. Ct. 1463 (2006).

In this case, the district court properly relied on the presentence report in concluding that Richardson's prior convictions occurred on different occasions. Notably, the offenses occurred on different dates, in different geographical locations, and involved different criminal objectives and victims. See Thompson, 421 F.3d at 284-86; United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999). Moreover, it is readily ascertainable from the presentence report that Richardson was convicted of violating N.C. Gen. Stat. § 14-54, the state statute proscribing breaking and entering buildings. Because this Court has previously determined that a violation of § 14-54 constitutes a violent felony for ACCA purposes, see Thompson, 421 F.3d at 284-85, the convictions were properly used as ACCA predicate offenses.

Richardson also contends that his sentence is unconstitutional after Blakely v. Washington, 542 U.S. 296 (2004), because it was enhanced based on prior convictions that were neither alleged in the indictment nor found by a jury beyond a

reasonable doubt.  Richardson's argument is foreclosed by controlling precedent.  In <u>United States v. Cheek</u>, 415 F.3d 349, 352-54 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005), we held that prior convictions used as a basis for ACCA enhancement need not be charged in the indictment or established beyond a reasonable doubt.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>