**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 08-4296**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GERALD GRAY,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:06-cr-00165-BO-1)

───────────────

Submitted: March 12, 2009        Decided: April 6, 2009

───────────────

Before WILKINSON, KING, and SHEDD, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER, BRYAN & VITALE, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Gray pled guilty pursuant to a written plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court determined the statutory conditions set forth in the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e) (2006), were satisfied and sentenced Gray to the statutory mandatory minimum of 180 months' imprisonment. Finding no error, we affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the manner in which prior offenses are counted under the ACCA and the career offender guideline provision invites unwarranted sentencing disparity. The Government filed a responding brief, stating counsel's argument is foreclosed by this court's precedent. Gray was notified of his right to file a pro se supplemental brief, but he did not do so.

Initially, we conclude Gray was properly classified as an armed career criminal. Gray's criminal history includes ten offenses involving breaking and entering homes. See United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) (determining North Carolina breaking or entering statute qualifies as predicate conviction under ACCA). These ten offenses, which were each charged separately, occurred on eight

2

different dates, in different geographical locations, and involved different victims. See United States v. Thompson, 421 F.3d 278, 284-86 (4th Cir. 2005) (explaining ACCA's requirement that prior convictions be "committed on occasions different from one another"); United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999) (same). Furthermore, the fact that nine of the offenses were consolidated for sentencing does not merge the offenses under the ACCA as "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses." United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). Therefore, Gray clearly has the requisite number of predicate convictions required for enhancement under the ACCA.

Counsel, however, asserts that the manner in which convictions are counted under the ACCA creates an unwarranted sentencing disparity from those individuals enhanced under the career offender guideline provision. This argument is without merit as the ACCA and career offender guideline provision, while both addressing recidivist offenders, have different purposes. The ACCA was enacted to provide an increased statutory mandatory minimum for defendants who violate § 922(g)(1) and have three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). This contrasts with the career offender guideline provision, which implements the

3

directive of 28 U.S.C. § 944(h) (2006), requiring the Sentencing Commission to specify terms of imprisonment at or near the applicable statutory maximum for defendants who have been convicted of a crime of violence or a controlled substance offense and have two or more prior convictions for crimes of violence or controlled substance offenses. U.S. Sentencing Guidelines Manual § 4B1.1, comment. (backg'd) (2006). Thus, any disparity in sentencing among armed career criminals and career offenders does not implicate 18 U.S.C. § 3553(a)(6) (2006) (addressing "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED