**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4157**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD RAY DUCKWORTH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:09-cr-00161-WO-5)

Submitted: November 30, 2010      Decided: December 27, 2010

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold R. Duckworth appeals his convictions and the 180-month sentence of imprisonment imposed by the district court under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), following a guilty plea to felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2006), and possession of stolen firearms in violation of 18 U.S.C. § 922(j) (2006). Duckworth's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious issues for appeal, but questioning whether the district court erred in finding that Duckworth's four previous drug convictions were committed on occasions different from one another for purposes of imposing the enhanced sentence. Duckworth has filed a pro se supplemental brief claiming that his trial counsel was ineffective and he received an unconstitutional sentence. We affirm.

We review Duckworth's sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the advisory sentencing guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). We then consider the

2

substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. Although our determination of whether the ACCA enhancement applies involves review for procedural error, Duckworth's assertion that his four previous convictions were not committed on occasions different from one another is a question of statutory interpretation that we consider de novo. United States v. Carr, 592 F.3d 636, 639 n.4 (4th Cir. 2010).

Under the ACCA, a defendant is an armed career criminal and subject to a fifteen-year mandatory minimum punishment if he violates 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses, "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); USSG § 4B1.4(a). "Convictions occur on occasions different from one another if each of the prior convictions arose out of separate and distinct criminal episodes." United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995) (internal quotation marks omitted). "In other words, the predicate ACCA offenses must be those that can be isolated with a beginning and an end." United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998) (internal quotation marks and citation omitted).

To determine whether previous convictions arose out of separate and distinct criminal episodes, we consider: "(1)

whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense." United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006) (citing Letterlough, 63 F.3d at 335-37). We may apply these factors independently or in conjunction, and "if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999) (quoting Letterlough, 63 F.3d at 336).

Our review of the record leads us to conclude that the district court properly found that Duckworth's four previous 1989 North Carolina drug convictions were committed on occasions different from one another, and properly counted them as separate offenses for purposes of the ACCA. We also conclude that the district court was correct in finding that each one of Duckworth's drug convictions qualified as a predicate offense, subjecting him to a 180-month mandatory minimum sentence of imprisonment.

4

Further, the district court properly calculated Duckworth's guidelines range, considered the relevant 18 U.S.C. § 3553(a) (2006) factors, made an individualized assessment based on the facts presented, and adequately explained the reasons for the chosen sentence in open court sufficient to satisfy us that it considered the parties' arguments and had a reasoned basis for its decision. Thus, we find that the district court did not procedurally err in imposing the 180-month sentence of imprisonment. Nor was the sentence imposed substantively unreasonable. "A statutorily required sentence, which is what [Duckworth] received, is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Therefore, Duckworth's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.[*] We therefore affirm Duckworth's convictions and sentence. This court requires that counsel inform Duckworth in

---

[*] We decline to consider on direct appeal Duckworth's claim that his trial counsel provided ineffective representation. To allow for adequate development of the record, ineffective assistance of counsel claims must ordinarily be pursued in appropriate post-conviction proceedings. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because ineffective assistance is not conclusively established by the present record, Duckworth must pursue this claim on collateral review.

writing of his right to petition the Supreme Court for further review.  If Duckworth requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Duckworth.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED