**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4247**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH J. CAMPBELL, a/k/a PI, a/k/a Pit,

Defendant - Appellant.

---

**No. 06-4535**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HORACE CAMPBELL, a/k/a Squeak, a/k/a Horry,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:04-cr-01046-DCN-7; 2:04-cr-01046-DCN)

---

Submitted:  May 9, 2007                     Decided:  June 4, 2007

---

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

J. Joseph Condon, Jr., North Charleston, South Carolina; John L. Drennan, DRENNAN LAW FIRM, North Charleston, South Carolina, for Appellants. Reginald I. Lloyd, United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Campbell and Horace Campbell were convicted by a jury of participating in a cocaine trafficking conspiracy involving fifty grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and using a telephone to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b). Horace was also convicted of conspiracy to use firearms in a drug trafficking offense, in violation of 18 U.S.C. § 924(n), three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 924(c)(1), and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because Joseph had previously been convicted of two prior state felony drug offenses, he was sentenced to a mandatory minimum sentence of life in prison under 21 U.S.C. § 841(b)(1)(A) and § 846. Horace was also sentenced to an aggregate term of life in prison. The Campbells timely appealed, and their appeals have been consolidated in this court. We affirm.

The Campbells first challenge the district court's denial of motions to suppress information obtained from wiretaps. "Prior to granting an order authorizing a wiretap, the issuing judge must find, in addition to probable cause, that 'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" United States v. Oriakhi, 57 F.3d 1290, 1298 (4th Cir. 1995) (quoting 18

- 3 -

U.S.C. § 2518(3)(c)).  We conclude this claim fails because the relevant standard was met and the motions to suppress were properly denied.

The Campbells also argue that the Government's delay in producing certain documents was a violation of Brady v. Maryland, 373 U.S. 83 (1963).  The failure to disclose evidence favorable to the accused violates due process "where the evidence is material either to guilt or to punishment." Brady, 373 U.S. at 87.  However, "no due process violation occurs as long as Brady material is disclosed to a defendant in time for its effective use at trial." United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985).  We conclude this claim fails because the relevant evidence was not material to either Horace or Joseph's guilt or punishment and, in any event, the material was disclosed in sufficient time for its effective use at trial.

Next, the Campbells argue that the district court violated the Due Process and Ex Post Facto Clauses when it increased the maximum sentence on the basis of facts not charged in the indictment or proven to a jury beyond a reasonable doubt pursuant to the remedial holding in United States v. Booker, 543 U.S. 220, 244-71 (2005).  We conclude this claim fails because retroactively applying the remedial portion of Booker does not violate the Due Process or Ex Post Facto Clause.  See United States v. Davenport, 445 F.3d 366, 369-70 (4th Cir. 2006).

- 4 -

Joseph also argues that the district court inaccurately instructed the jury with regard to the drug amounts attributable to him. We conclude that the jury was properly instructed with regard to its determination of the drug amounts attributable to Joseph.

Joseph next argues that the indictment and jury instructions were insufficient because they did not require a determination of the time frame that Joseph was actually involved in the conspiracy in order to sentence him to a mandatory minimum life sentence under 21 U.S.C. § 841(b)(1)(A) and § 846. We conclude that the indictment and jury instructions were sufficient in this case.

Additionally, Joseph claims that the jury was required to determine that the two prior convictions were "felony drug offenses" according to the holding in Booker and its related cases. We conclude this claim fails because the district court could properly make this determination. See Harris v. United States, 536 U.S. 545, 567-68 (2002); United States v. Groce, 398 F.3d 679, 682 n.2 (4th Cir. 2005).

Finally, while Joseph also argues that his two prior state felony convictions should have been considered one offense, we conclude this claim fails because the three month interval between each offense was sufficient to establish that the two offenses were separate for purposes of sentencing Joseph to a

mandatory minimum life sentence.  See United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999).

Based on the foregoing, we affirm the Appellants' convictions and sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED