**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4296**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERMAINE K. SMITH, a/k/a Smitty,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:04-cr-01046-DCN)

Submitted:  November 21, 2007      Decided:  January 9, 2008

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Capers G. Barr, III, BARR, UNGER, & MCINTOSH, LLC, Charleston, South Carolina, for Appellant.  Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jermaine K. Smith of conspiracy to possess and distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846 (2000); four counts of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841; and two counts of unlawful use of communication facilities in causing and facilitating conspiracy to possess with intent to distribute and distribution of cocaine base and cocaine, in violation of 21 U.S.C. § 843(b) (2000). He was sentenced to 240 months' imprisonment. Smith appeals his conviction. Finding no reversible error, we affirm.

Counsel has filed a brief and supplemental brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal, but questioning whether: (1) the district court erred in admitting evidence under Fed. R. Evid. 404(b); (2) the district court erred in admitting hearsay statements of co-conspirators; (3) the district court erred in instructing the jury that a single act may be sufficient to draw a defendant within the scope of a conspiracy; (4) the district court erred in admitting redacted proffer statements of a non-testifying co-defendant; (5) Smith was illegally arrested without a warrant; (6) Smith's convictions were illegal because some of his co-defendants were permitted to plead

guilty to lesser charges; (7) Smith's convictions were illegal because they were based on evidence of intercepted telephone calls and testimony of co-defendants; and (8) Smith's convictions were illegal because of improprieties before the grand jury. Smith has submitted a pro se supplemental brief. The Government has elected not to file a responsive brief.

I.   Admission of Fed. R. Evid. 404(b) Evidence

Counsel first questions whether admission of evidence under Federal Rule of Evidence 404(b) was proper. We review a district court's determination of the admissibility of evidence under 404(b) for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see Queen, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).

Evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue other than the

general character of the defendant, (2) necessary, and (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Queen, 132 F.3d at 997. A limiting jury instruction explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce evidence of prior acts provide additional protection to defendants. Id.

The Government filed a notice of intent to use evidence pursuant to Rule 404(b). The evidence was necessary to prove intent, plan, knowledge, and absence of mistake on Smith's part in participating in the conspiracy. Smith was not unfairly prejudiced because the convictions involved the same type of drug and the conduct occurred during the same time period and at the same location as the offenses charged in the indictment. See United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995) (holding there is no unfair prejudice when the prior act is no more sensational or disturbing than the crimes with which the defendant was charged). The district court conducted a balancing analysis under Fed. R. Evid. 403 and gave the jury a limiting instruction. We conclude the district court did not abuse its discretion in admitting the prior acts evidence.

II. Admission of statements of co-conspirators

Counsel questions whether the district court erred in admitting testimony of a co-conspirator, Steven Dantzler, concerning conversations between him and Smith, and him and other co-conspirators. The court reviews evidentiary rulings under Fed. R. Evid. 801(d)(2)(E) for an abuse of discretion. See United States v. Blevins, 960 F.2d 1252, 1255-56 (4th Cir. 1992). A statement is not hearsay if it is offered against the defendant and is a statement by a co-conspirator of the defendant during the course of and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). We find Dantzler's testimony was not hearsay because the statements were made by co-conspirators under Rule 801(d)(2)(E).

III. Jury Instruction

Counsel asserts the district court erred in instructing the jury that "even a single act may be sufficient to draw a defendant within the scope of the conspiracy." The content of a jury instruction is reviewed for an abuse of discretion. See United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). "[A defendant] may become a member of the conspiracy without full knowledge of all of its details, but if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan *on one occasion*, it is sufficient to convict him

- 5 -

of conspiracy, even though he had not participated before and even though he played only a minor part." <u>United States v. Roberts</u>, 881 F.2d 95, 101 (4th Cir. 1989) (emphasis added).  We find the court did not abuse its discretion in its instruction to the jury that a single act can be enough to establish a defendant was part of the conspiracy.

IV.  Admission of Non-Testifying Co-Defendant's Statements

Counsel next questions whether the admission of a non-testifying co-defendant's proffer statements would violate Smith's right of confrontation under <u>Bruton v. United States</u>, 391 U.S. 123 (1968).  Under <u>Bruton</u>, admission of a statement of a nontestifying co-defendant is prohibited "if it could be fairly understood to incriminate the accused."  <u>United States v. Campbell</u>, 935 F.2d 39, 43 (4th Cir. 1991).  However, if the statement is redacted to eliminate any reference to the defendant, the statement is admissible.  <u>See</u> <u>Richardson v. Marsh</u>, 481 U.S. 200, 211 (1987).

Here, all identification of Smith was redacted from the proffer statement evidence and it could not be fairly understood to incriminate Smith.  We conclude the district court did not abuse its discretion in allowing evidence of the redacted proffer statements.

## V. Warrantless Arrest

The grand jury indicted Smith, a warrant for his arrest was issued the same day, and he was arrested and arraigned days later. Thus, his arrest was not warrantless and any such claim is without merit.

## VI. Selective Prosecution

Counsel asserts and Smith reasserts in his pro se brief that Smith's convictions were illegal based on selective prosecution because some of his co-defendants were allowed to plead guilty to lesser charges. So long as there is probable cause to believe the accused committed a criminal offense, the decision to prosecute is within the prosecutor's discretion as long as it is not tainted by an unconstitutional motive. See United States v. Armstrong, 517 U.S. 456, 464 (1996). Because there is a presumption the prosecutor used his discretion appropriately, the defendant must present clear evidence to the contrary. Id. at 464-65. We find no clear evidence in the record of disparate treatment of Smith in relation to the charges against him or his convictions.

## VII. Remaining Anders and Pro Se Claims

We find no support in the record for the challenge to Smith's convictions on the grounds that they were based on

intercepted telephone calls and testimony of co-defendants nor his claim of improprieties before the grand jury.

Smith argues in his pro se supplemental brief that the district court erred in denying his co-defendants Horace Campbell's and Joseph Campbell's motion to suppress evidence elicited from wiretaps. We find this claim meritless. The claim was raised by the Campbells in their direct appeal and this court found the motions to suppress were properly denied. <u>See</u> <u>United States v. Campbell</u>, 2007 WL 1600494, *1 (4th Cir. June 4, 2007) (unpublished).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>