**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-5127**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARYL SAVAGE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CR-04-96)

_____

Submitted:  November 30, 2005      Decided:  January 3, 2006

_____

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

G. Arthur Robbins, Annapolis, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Debra L. Dwyer, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Daryl Savage was convicted by a jury of one count of felon in possession of a firearm and one count of felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1) (2000). Savage was sentenced to imprisonment for 180 months. We find no error and affirm Savage's convictions and sentence.

Savage first contends the district court erred when it denied the defense's motion to suppress the evidence obtained during law enforcement's search of Savage's residence. Savage asserts the defense witnesses were more credible than those presented by the Government. Therefore, Savage concludes the search was performed prior to the issuance of a search warrant.

We review the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). As weighing the evidence and reviewing the credibility of witnesses are functions reserved for the trier of fact, we conclude the district court did not clearly err in its determination that a signed, valid search warrant was issued prior to the search of the Savage

residence.  See, e.g., United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

Next, Savage contends the district court erred in its conclusion that the statements made by him during the search of his residence were voluntary.  To determine whether a statement was voluntarily made, we consider the "'totality of the circumstances,' including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir. 1987).  Though "[a]n appellate court must make an independent determination on the issue of voluntariness[,] . . . the district court's findings of fact on the circumstances surrounding the confession are to be accepted unless clearly erroneous."  Id. at 1072 (citations omitted).

Savage was twenty-four years old.  He committed the first of five offenses at the age of fifteen.  Upon entry, both the premises and the eight individuals present were secured by police. Officers provided appropriate warnings under Miranda v. Arizona, 384 U.S. 436 (1966), before questioning Savage, and Savage verbally acknowledged he understood his rights.  Though Detective Moran stated while questioning Savage that everyone in the house could be arrested if any guns or illegal narcotics were found, this is not sufficient to render Savage's statement involuntary as "[t]he mere existence of threats, violence, implied promises, improper influence, or other police activity . . . does not automatically

render a confession involuntary." United States v. Braxton, 112 F.3d 777, 780 (4th Cir. 1997). Therefore, under these circumstances, we conclude Savage's statements were voluntary.

Finally, Savage contends the district erred when it classified him as an Armed Career Criminal. Savage maintains his two 1999 offenses should be counted as a single conviction as they were consolidated for sentencing purposes.

When reviewing a district court's application of the sentencing guidelines, we review legal determinations de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). A district court may enhance a sentence based on the "fact of a prior conviction" regardless of whether or not it was admitted to by the defendant or found by a jury. United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005). Therefore, a district court may determine if a defendant has been convicted of the predicate offenses required by the Armed Career Criminal Act ("ACCA") so long as the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it." Id. at 283.

Since Savage's offenses occurred on different dates, at different locations, involved different individuals, and were charged separately, we conclude the district court appropriately characterized them as separate offenses for ACCA purposes. See United States v. Williams, 187 F.3d 429, 431 (4th Cir. 1999).

- 4 -

Furthermore, Savage's argument is in direct contradiction to this Court's conclusion that "[t]he federal interest of providing for substantial sentences for repeat offenders stands independent of state sentencing practices." United States v. Allen, 50 F.3d 294, 299 (4th Cir. 1995).

Accordingly, we affirm Savage's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED