DLD-293                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3051
_____

DARYL SAVAGE,
                              Appellant

v.

DONNA ZICKEFOOSE, Warden
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-06418)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 22, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed:   September 30, 2011)
_____

OPINION
_____

PER CURIAM

    Daryl Savage, a federal prisoner who is currently confined at FCI-Fort Dix,

appeals pro se from an order of the United States District Court for the District of New

Jersey dismissing for lack of jurisdiction his habeas petition filed pursuant to 28 U.S.C.

§ 2241. For the following reasons, we will summarily affirm the judgment of the District Court.

In August 2003, while on parole from a Maryland conviction, Savage was arrested by the Baltimore Police Department for drug and firearms offenses. Although the state dismissed the charges in favor of federal prosecution, Savage remained in state custody to serve a sentence for violating his parole. While serving that state sentence, Savage was convicted in the United States District Court for the District of Maryland of one count of felon in possession of a firearm and one count of felon in possession of ammunition. 18 U.S.C. § 922(g)(1). On December 21, 2004, he was sentenced to 180 months of imprisonment. Savage asserts that the sentencing court did not specify whether his federal sentence was to run concurrently or consecutively with his then-running state parole violator term. That term was completed on May 31, 2005, at which time Savage was taken into federal custody to begin serving his federal sentence.

The United States Court of Appeals for the Fourth Circuit denied Savage's direct appeal. United States v. Savage, 161 F. App'x 256 (4th Cir. 2006). In 2007, Savage filed a motion under 28 U.S.C. § 2255. The District Court denied that motion, and the Fourth Circuit dismissed Savage's appeal. United States v. Savage, 272 F. App'x 244 (4th Cir. 2008). Savage next unsuccessfully pursued a sentence reduction under 18 U.S.C. § 3582(c)(2).

In the meantime, Savage challenged the calculation of his sentence through the federal Bureau of Prisons' ("BOP") administrative remedy program. In particular, he

2

alleged that the BOP should have credited his federal sentence for the time he spent

serving his state parole violator sentence. In rejecting Savage's argument, the BOP relied

on 18 U.S.C. § 3585(b), which expressly prohibits the BOP from crediting a federal

sentence with time that has already been credited toward another sentence.

Savage filed the present § 2241 petition in December 2009, alleging that his

federal sentence should have been calculated to run concurrently with his state parole

violator term. The District Court dismissed the petition for lack of jurisdiction, holding

that Savage could not challenge his sentence under § 2241. Savage filed two motions for

reconsideration, which the District Court denied. Savage appealed.

To the extent that Savage alleged that the sentencing court should have provided

for concurrent federal and state sentences under U.S.S.G. §§ 5G1.3(b) and 5G1.3(c), the

District Court properly dismissed his claims for lack of jurisdiction. A motion filed

under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal

prisoner to challenge the validity of a conviction or sentence. See Okereke v. United

States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under § 2241 only

if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his

detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not

"inadequate or ineffective" merely because the petitioner cannot meet the stringent

gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing

court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d

Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely

3

narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). We agree with the District Court that Savage's situation is not the rare one rendering § 2255 inadequate or ineffective. Indeed, challenges to the application of the Sentencing Guidelines are properly considered under § 2255. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004) (explaining that a prisoner attacking the validity of his sentence, as opposed to the execution of his sentence, must proceed under § 2255).

Although the District Court concluded that Savage alleged only errors in sentencing, we do not read his pro se submissions so narrowly. Haines v. Kerner, 404 U.S. 519, 520 (1972). Instead, Savage's § 2241 petition and his motions for reconsideration demonstrate that he also challenged the BOP's failure to credit his federal sentence with the entire period he spent serving his state parole violator term. Although such a claim is cognizable under § 2241, Ruggiano v. Reish, 307 F.3d 121, 126-27 (3d Cir. 2002), Savage's arguments are without merit.

The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 333-35 (1992). In calculating a sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence. See 18 U.S.C. § 3585. Section 3585(b), which governs

4

when a prisoner receives credit for prior custody, expressly prohibits the BOP from crediting a federal sentence with time that has already been credited toward another sentence. Id. (requiring credit for time served "that has not been credited against another sentence"); Wilson, 503 U.S. at 337 ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time."). Accordingly, because the time that Savage served in state custody was credited toward his parole violator sentence, he is not also entitled to have that time credited toward his federal sentence.[1] Rios v. Wiley, 201 F.3d 257, 272-73 (3d Cir. 2000).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.

---

[1] In support of his claims, Savage submitted to the District Court portions of the presentence report and the sentencing hearing transcript. He suggests that these documents demonstrate that the sentencing court erred in not applying §§ 5G1.3(b) and 5G1.3(c) of the Sentencing Guidelines. Of course, as noted above, a challenge to the sentencing court's application of the Guidelines is not cognizable in a § 2241 petition. In any event, however, there is no indication that application of §§ 5G1.3(b) and 5G1.3(c) was permissible or intended. United States v. Garcia-Hernandez, 237 F.3d 105, 110 (2d Cir. 2000) (holding that "[w]hen a criminal defendant is imprisoned as a result of his violation of the terms of his parole, the 'offense' that 'results' in his imprisonment is, for the purposes of § 5G1.3(b), the underlying prior offense of conviction, not the conduct violative of his parole conditions."); United States v. Fifield, 432 F.3d 1056, 1061-63 (9th Cir. 2005) (stating that "[t]he present case falls under § 5G1.3(c), not § 5G1.3(b)" where the petitioner "committed the federal offenses while he was serving a five-year period of probation" for underlying prior offenses involving conduct that was not relevant to the federal offenses); Blood v. Bledsoe, 648 F.3d 203, *2 (3d Cir. 2011) (noting that "if the Delaware court intended to fashion a sentence that would effectively 'credit' Blood with the disputed time, it would have explicitly granted a downward departure in accordance with § 5G1.3(c) of the United States Sentencing Guidelines.").

5